IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BOBBY LEE MURPHY,                  §
#02416312,                         §
              Petitioner,          §
                                   §
                                   §
v.                                 §         No. 3:24-cv-02452-K-(BT)
                                   §
DIRECTOR, TDCJ-CID,                §
              Defendants.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, Petitioner Bobby Lee Murphy, a Texas state prisoner, challenges his 2022 Dallas County conviction for murder. *See generally* Petition (ECF No. 3). Based on the relevant filings and applicable law, the Court should **DENY** the petition.

**Background**

Petitioner was indicted for murder and pled not guilty.  *See* ECF. No. 24-1 at 24. The State then filed a notice of its intent to seek enhanced punishment based on Petitioner's prior offenses. *See* Notice to Seek Enhanced Punishment (Notice) (ECF No. 24-1 at 48). On September 16, 2022, a jury found him guilty, found the enhancements true, and sentenced him to life imprisonment with the possibility of parole. *See* ECF No. 24-21 at 58-60; *see also State v. Murphy*, No. F-2125327 (265th Jud. Dist. Ct., Dallas Cnty., 2022).

On February 20, 2024, the Fifth Court of Appeals affirmed Petitioner's conviction. *See* Memorandum Opinion (ECF No. 24-17); *see also Murphy v. State,*

1

No. 05-22-00950-CR, 2024 WL 685924, at *1 (Tex. App.--Dallas Feb. 20, 2024)). Petitioner did not seek discretionary review but filed a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals (TCCA) denied without written order. *See* ECF. No. 24-22.

On September 27, 2024, Petitioner filed the present petition asserting four grounds for relief: (1) trial counsel rendered ineffective assistance by failing to present witnesses or expert testimony; (2) the indictment was defective for failing to allege enhancement paragraphs; (3) trial counsel rendered ineffective assistance by advising Petitioner not to testify; and (4) the State's notice of extraneous offenses was false and improper. Pet. at 5-10. Petitioner seeks to have his conviction set aside and requests a new trial with appointed counsel.

## Legal Standard

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner may not obtain federal habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

2

This standard "restricts the power of federal courts to grant writs of habeas corpus" and ensures that "state courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020). A decision is found "contrary" to clearly established federal law only if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke,* 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith,* 574 U.S. 1, 2 (2014) (per curiam) (emphasizing that circuit precedent cannot define what qualifies as "'clearly established'" federal law)(citations omitted). And a decision involves an "unreasonable application" of federal law when the state court "identifies the correct governing principle" but "unreasonably applies that principle to the facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).

The inquiry is not whether the state court was incorrect, but whether its decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 103 (2011). Federal courts must "determine what arguments or theories supported . . . or could have supported the state court's decision" and then ask whether fairminded jurists could disagree that those arguments are inconsistent with Supreme Court precedent. *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

A state court's factual findings are presumed correct and may be rebutted

3

only by clear and convincing evidence, even where the determination is debatable. *Wood v. Allen,* 558 U.S. 290, 301, 303 (2010). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis,* 910 F.3d 232, 235 (5th Cir. 2018) (recognizing that "As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)). Thus, a petitioner must show more than error—he must show that the state court's decision was "objectively unreasonable." *Williams,* 529 U.S. at 409-10.

## Analysis

### A. Petitioner's ineffective assistance claims (Grounds One and Three) fail under *Strickland*'s doubly deferential standard.

Claims of ineffective assistance of counsel are governed by the two-part framework established in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), and, where a state court has already adjudicated the claim on the merits, are further filtered through AEDPA's deferential standard of review. Under this "doubly deferential" inquiry, the question is not whether counsel's performance was ideal, but whether the state court's rejection of the claim was contrary to, or an unreasonable application of, *Strickland. See Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009); *see also Cullen v. Pinholster,* 563 U.S. 170, 190 (2011) (stating that

a court's review requires a "highly deferential" look at counsel's performance) (citation omitted). This standard is intentionally difficult to satisfy. *Richter,* 562 U.S. 86 at 102.

To prevail, Petitioner must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that there is a substantial likelihood the result of the proceeding would have been different absent the alleged error. *Strickland,* 466 U.S. at 687-94; *Richter,* 562 U.S. at 112 ("The likelihood of a different result must be substantial, not just conceivable."). Conclusory allegations satisfy neither prong. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000). Petitioner's claims under Grounds One and Three fail on both.

1. <u>Ground One: Petitioner fails to show counsel was ineffective for not presenting witnesses or expert testimony.</u>

Petitioner contends that counsel failed to call witnesses or experts to contest the State's case. Pet. at 5. This claim fails because Petitioner does not provide the basic factual showing necessary to establish either deficient performance or prejudice.

To prevail on an uncalled-witness claim, a petitioner must identify the witness, show the witness was willing to testify, and demonstrate the testimony would have been favorable and material. *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009); *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001). Petitioner offers none of this. He provides no affidavits, no evidentiary support, and no identification of any specific individual whose testimony would have altered

the result. Speculation about what unnamed witnesses might have said cannot satisfy *Strickland*. *Sayre,* 238 F.3d at 635-36.

Instead, Petitioner offers only generalized assertions that additional witnesses or experts might have challenged the State's case. Such allegations are merely speculative and insufficient to establish deficient performance. *See Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983). Without some showing of what the missing evidence would have been, the Court cannot conclude that counsel's performance fell outside the wide range of reasonable professional assistance.

Moreover, decisions regarding whether to call witnesses, including expert witnesses, are matters of trial strategy. *Pape v. Thaler,* 645 F.3d 281, 291 (5th Cir. 2011). Counsel may reasonably decline to present certain testimony based on concerns about credibility, potential impeachment, or the risk of reinforcing the State's theory. Courts must therefore presume that such decisions were strategic and reasonable. *Strickland,* 466 U.S. at 689. Petitioner offers nothing to overcome that presumption.

Petitioner also fails to establish prejudice. Because he does not identify what favorable testimony was omitted, he cannot show a reasonable probability—much less a substantial likelihood—that the outcome would have been different. Any conclusion to the contrary would be purely speculative. For that reason alone, the claim fails. *See Sayre,* 238 F.3d at 635-36.

Finally, under AEDPA, the Court must defer to the state court's rejection of this claim unless no "fairminded jurist" could agree with that result. *Richter,* 562

6

U.S. at 101. At a minimum, reasonable jurists could conclude that Petitioner's unsupported allegations fail to satisfy *Strickland*. Ground One should therefore be denied.

2. Ground Three: Petitioner fails to show counsel was ineffective for advising him not to testify.

Petitioner next argues that counsel was ineffective for advising him not to testify. Pet. at 8-9. Although a defendant has a constitutional right to testify on his own behalf, *Rock v. Arkansas, 483 U.S. 44, 49-53 (1987),* strategic advice regarding the exercise of that right does not constitute deficient performance unless counsel overrides the defendant's independent decision. *Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).* Where a criminal defendant "knew of his right to testify and wanted to do so but counsel was opposed [and the] defendant acquiesced in his lawyer's advice, . . . the only inquiry is whether that advice was sound trial strategy." *United States v. Mullins*, 315 F.3d 449, 453-54 (5th Cir. 2002). There is a "strong presumption" that counsel's decision not to place his or her client on the stand is "sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2011).

Here, the record reflects that Petitioner was informed of his right to testify and affirmatively chose not to do so. *See* ECF No. 24-9 at 108-10; *see also* Response at 1-3 (ECF No. 23-7). Nothing in the record suggests that counsel prevented Petitioner from testifying or overrode his decision. At most, Petitioner now

disagrees with counsel's advice in hindsight.[1] That disagreement does not establish deficient performance under *Strickland*.

Nor does Petitioner demonstrate prejudice. Although Petitioner suggests that he would have testified to answer questions about the offense and express remorse to the court and the victim's family, that showing is insufficient. Reply at 2-3 (ECF No. 29). Even crediting Petitioner's description of his proposed testimony, it does not establish a substantial likelihood of a different result. Petitioner does not explain how his testimony would have meaningfully rebutted the State's evidence of guilt. *See Sayre,* 238 F.3d at 635. His description focuses primarily on accepting responsibility and expressing regret, not on disputing the underlying facts of the offense. Such testimony does not undermine confidence in the jury's verdict at the guilt phase. Without a concrete showing of how his

---

[1] To the extent Petitioner's claim could be construed as a claim that counsel — actively coerced his client not to testify, it likewise fails. The TCCA, in denying this claim necessarily found that counsel did not coerce Petitioner into not testifying. This implicit finding is entitled to a presumption of correctness, and Petitioner has not presented clear and convincing evidence that the finding was incorrect. *See, e.g., Spencer v. Dir., TDCJ-CID*, 2022 WL 684572, at *4 (E.D. Tex. Feb. 3, 2022) (finding that the petitioner failed to show state court rejection of claim that attorney coerced petitioner into testifying was unreasonable where the state habeas court implicitly rejected it in denying relief), *rec. accepted* 2022 WL 672690 (E.D. Tex. Mar. 7, 2022). Thus, to the extent that Petitioner claims his attorney coerced him into not testifying, he fails to show that the state court's rejection of his claim was contrary to or involved an unreasonable application of federal law. Nor does he show that the state court's rejection of this claim resulted in a decision based on an unreasonable determination of the facts in light of the evidence.

testimony would have changed the evidentiary picture before the jury, any finding of prejudice would be speculative.

Accordingly, even considering Petitioner's description of his proposed testimony, he fails to satisfy either prong of *Strickland*. And because fairminded jurists could agree with the state court's rejection of this claim, AEDPA forecloses relief. Ground Three therefore fails.

## B. Ground Two: Petitioner's indictment claim is not cognizable on federal habeas review.

Petitioner contends that the murder indictment issued by the grand jury contained no enhancement paragraphs. Pet. at 7. This claim fails for two independent reasons.

First, the sufficiency or form of a state indictment is generally a matter of state law and does not raise a federal constitutional question cognizable under § 2254. *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984); *Alexander v. McCotter*, 775 F.2d 595, 598-99 (5th Cir. 1985). A defect in a state charging instrument warrants federal habeas relief when the indictment " is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988). Petitioner makes no such showing. He does not allege that he was unaware of the charges against him, that his ability to prepare a defense was impaired, or that any deficiency in the indictment affected the fairness of his trial.

Second, Petitioner was convicted of murder and sentenced to life with parole, a sentence that falls squarely within the unenhanced punishment range for

first-degree    murder    under    Texas    law.    *See* Tex. Penal Code § 12.32 (range of five to ninety-nine years or life), *see also id*. § 19.02 (an offense under this section is a felony of the first degree). In the sentencing context, courts consider the actual sentence imposed in relation to the available statutory range. *See Dale v. Quarterman,* 553 F.3d 876, 880 (5th Cir. 2008) (citations omitted). Here, because the life sentence imposed was fully authorized without any enhancement, Petitioner cannot show that any alleged defect in the indictment had a substantial or injurious effect on his sentence.

Moreover, the record shows that enhancements were provided in a separate notice that were referenced in the jury verdict. *See* Notice (ECF No. 24-1 at 48); *see also* Jury Verdict (ECF No. 24-1 at 307-08). That further undermines Petitioner's factual premise and confirms that he was neither uninformed of, nor unprotected from the enhancements at issue. *United States v. Ylda,* 643 F.2d 348, 352 (5th Cir. 1981). Therefore, Ground Two should be denied.

### C. Ground Four: Petitioner's claim regarding the State's notice of extraneous offenses does not present a cognizable due process claim.

Petitioner's final claim that the State's notice of extraneous offenses contained numerous false and irrelevant entries (Pet. at 10), likewise does not entitle him to federal habeas relief.

As a threshold matter, challenges to state evidentiary rulings, including the admissibility of extraneous offense evidence, are generally questions of state law that do not rise to the level of constitutional violations cognizable under § 2254.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The State's obligation to provide notice of extraneous offenses arises under Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure article 37.07—both state-law provisions. Petitioner's disagreement with the scope and accuracy, standing alone, does not raise a federal violation.

Even construing the claim liberally as a due process claim, Ground Four still fails. To obtain relief based on the admission of extraneous offense evidence, a petitioner must show that the evidence was so unduly prejudicial that it rendered the trial fundamentally unfair, not merely that it was harmful or that the trial court erred in admitting it. *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983)

In his filings, Petitioner asserts that certain categories of offenses listed in the notice—such as prior non-violent conduct, juvenile matters, or out-of-state records—were not "supportive" of the charged offense and should not have been included. Reply at 3-4. But these assertions do not establish a due process violation. Petitioner does not identify which specific entries were actually admitted into evidence at trial, explain how any particular item was used by the State, or demonstrate that the jury's verdict turned on such evidence. Without that showing, the Court cannot conclude that the proceedings were rendered fundamentally unfair. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

11

Furthermore, to the extent Petitioner claims that the State presented false evidence, such a claim would ordinarily implicate *Napue v. Illinois*, 360 U.S. 264 (1959), which prohibits the prosecution from knowingly using false testimony to obtain a conviction. But Petitioner does not allege that any witness testified falsely or that the prosecution knowingly presented perjured testimony. He challenges the pretrial notice instrument itself, not the trial testimony, and that challenge does not state a *Napue* violation.

Ground Four should be denied.

### Recommendation

For the foregoing reasons, the petition for writ of habeas corpus (ECF No. 3) should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 18, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

12

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).